**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3462-15T2

FRANCIENNA GRANT,

    Plaintiff-Appellant,

v.

DAN'S AUTO BODY, L.L.C.[1] AND DAN RUSCO,

    Defendants-Respondents.

_____

        Submitted June 1, 2017 — Decided July 21, 2017

        Before Judges Gooden Brown and Farrington.

        On appeal from the Superior Court of New
        Jersey, Law Division, Cape May County, Docket
        No. L-000174-14.

        Francienna Grant, appellant pro se.

        Paul J. Baldini, P.A., attorneys for
        respondents (Mr. Baldini, on the brief).

PER CURIAM

    Pro se plaintiff Francienna Grant appeals from the January

6, 2016 trial court order granting summary judgment to Dan Rusco

and Dan's Auto Body, L.L.C. (collectively defendants) and the

_____

[1] Improperly pled as Dan's Auto Body.

March 15, 2016 court order denying her motion for reconsideration. We affirm.

We derive the following facts from evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in the light most favorable to plaintiff. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)). Following an automobile accident, plaintiff brought her 2000 Jeep Cherokee to defendants for repairs on April 25, 2007. Plaintiff alleges Rusco agreed the replacement parts would be "[n]on[-]junkyard Mopar parts that were like, kind and [q]uality in terms of fit quality and performance to damaged parts[.]" Plaintiff claims she was not provided with invoices nor work orders for the 2007 repairs.

In November 2013, plaintiff returned to defendants seeking repainting of the hood of her vehicle, which defendants had painted in 2007. Defendant performed the repair free of charge. As plaintiff was driving out of the premises following the repair, the brakes on the vehicle failed. As documented by the State Trooper called to the scene by plaintiff, Rusco observed what he believed to be brake fluid leaking from one of the rear tires. The trooper noted in the police operations report, "Rusco stated that he never touched the vehicle's braking system. . . ." The

vehicle was towed to Kindle Auto Plaza. It was at that time, according to plaintiff, she first discovered that junkyard parts had been installed in her vehicle by defendants in 2007.

In April 2014, Grant filed a civil complaint against Dan's Auto Body (Dan's) and Dan Rusco (Rusco) alleging that poor quality parts were used to repair her 2000 Jeep Grand Cherokee in 2007, causing damage which was not discoverable until 2013. Grant alleged that defendant was negligent in making repairs in both 2007 and 2013. Grant further alleged violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20.

Defendants moved to dismiss plaintiff's complaint, which motion was denied on November 13, 2014, by Judge J. Christopher Gibson, who further ordered the parties to provide additional discovery. The judge denied defendants' second summary judgment motion on March 16, 2015, finding substantive issues of material fact. However, Judge Gibson limited plaintiff's claims to November 2013, finding the 2007 allegations barred by the statute of limitations. Further, Judge Gibson declined to hear plaintiff's motion for summary judgment against defendants on her consumer fraud claims, noting she had failed to pay the requisite filing fee, and had not pled violations of the CFA in her complaint.

Plaintiff moved for reconsideration of the March 16, 2015 order and sought leave to file an amended pleading, sanctions for

defendants' failure to comply with discovery, and a stay pending appeal. The motion was granted in part and denied in part. Finding that he had erred in determining that plaintiff had failed to plead violations of the CFA, the judge permitted her to file an amended complaint "to plead with more specificity her allegations of violations of the Consumer Fraud Act". Judge Gibson also denied imposing sanctions opining,

> The [c]ourt cannot determine how [d]efendants failed to comply with [p]laintiff's requests or what discovery [d]efendants failed to provide. Although [p]laintiff argues that [d]efendants have persistently failed to provide discovery, in the absence of specific items which are purportedly due and which [d]efendants are delinquent [in providing], the [c]ourt is not inclined to award sanctions.

In September 2014, plaintiff filed an amended complaint alleging violation of the CFA, in addition to violations of the Auto Repair Deceptive Practices Regulations, N.J.A.C. 13:45A-7.1, 7.2, and 13:45A-26C.2; and Auto Body Repair Regulations for Licensing of Facility, N.J.S.A. 39:13-2.1(a)(1) to -(4), (8), (9), and (11). Plaintiff alleged further that Dan's breached their agreement to repair her Jeep in 2007 with "quality Mopar like in kind and function parts." Plaintiff also alleged defendants violated discovery rules and were in contempt of court. Plaintiff sought treble damages pursuant to the CFA.

A-3462-15T2

Plaintiff moved for summary judgment in October 2015 and defendants cross-moved for summary judgment. Plaintiff alleged defendants violated the CFA by failing to install the agreed upon quality parts and failing to provide required documents. She claimed, without the benefit of expert testimony, that but for the failure to install the agreed upon parts, there would not have been the corrosion which caused the brakes to fail.

Defendants admitted performing work on plaintiff's Jeep in 2007, and performing the paint repair free of charge in 2013. They denied performing any work on the Jeep in 2013, other than the paint repair, and asserted they were in full compliance with the requirements of the CFA in 2007. Defendants pointed to the 2013 AAA Roadside Assistance Report noting the vehicle had 174,000 miles on it, and the brakes were broken. In a well-reasoned written decision filed January 6, 2016, Judge Gibson denied plaintiff's motion and granted summary judgment to defendants.

Finding no substantial issues of material fact, Judge Gibson found plaintiff failed to satisfy the requirements of N.J.S.A. 2A:14-2 and her claims that poor quality parts were placed in her vehicle were therefore barred. Relying on Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001) and Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 236-37 (App. Div. 2012), the judge found plaintiff filed her claim outside the two-year statute

of limitations and failed to substantiate her claim with expert testimony. Further, the judge determined that plaintiff's discovery rule claim was without merit because she admitted she returned to defendant's place of business for the sole purpose of having her hood repainted.

The judge found further that defendants were not in default of plaintiff's discovery requests and did not commit dilatory acts in failing to keep documents for in excess of six or seven years without notice of pending litigation. The judge also determined that plaintiff lacked standing to bring an action pursuant to N.J.S.A. 39:13-1, finding the power to investigate licensees under that section was reserved pursuant to N.J.A.C. 13:21-21.17(a) for the Director of the Motor Vehicle Commission.

With regard to the CFA, Judge Gibson found defendants did not violate the Act. In so finding, the judge rejected plaintiff's claim that defendants failed to provide plaintiff with invoices for the work performed in 2007. The judge found further that the evidence showed that plaintiff signed the invoices and the invoices "clearly stated that economy parts were to be used." The judge noted the disclaimer from the estimate stated:

> This estimate has been prepared based on the use of automobile parts not made by the original manufacturer. Parts used in the repair of your vehicle by other than the original manufacturer are required to be at

> least equal in like, kind and quality in terms
> of fit, quality and performance to replacement
> parts available from the original
> manufacturer.

As to the repainting of the vehicle hood, the judge found no written estimate of price was required as no compensation was requested for the work.

Judge Gibson rejected plaintiff's allegations that defendants committed deceptive practices pursuant to N.J.A.C. 13:45A-26C.2, finding that not only was documentation provided by the defendants, but, in addition, plaintiff failed to prove an ascertainable loss. The judge found plaintiff failed to prove a nexus between the alleged defects found in her vehicle in 2013 and the work performed by defendants in 2007.

In rejecting plaintiff's claims for breach of contract and implied warranty, the judge found "[p]laintiff failed to provide expert testimony[,] . . . lay witness testimony", or a sufficient factual record for these claims. The judge found plaintiff's proffer of her invoice from Kindle Auto Plaza dated August 11, 2015, with the phrase "writing on front diff cover resembles used part" insufficient to prove her claim that those alleged "used" parts were installed by defendants. Notably, the judge pointed out that the Kindle invoice indicated it installed used parts, and

A-3462-15T2

an earlier Kindle invoice from November 19, 2013, did not indicate what types of parts were installed in plaintiff's vehicle.

The judge also rejected plaintiff's claim that her vehicle was unsafe to drive based on the Kindle 2015 invoice,[2] which stated the vehicle was unsafe due to major rust, noting this was seven years after defendant performed the repairs. The judge further found plaintiff failed to produce an expert to prove economy parts would have rusted sooner than Mopar parts. Finally, the judge took notice of defendants' invoice from 2007, finding that although it proved he worked on the front axle, it also definitively proved Rusco did not work on plaintiff's brakes or rotors. Further, the invoice detailed "work done" and indicated "economy parts" were used in each instance. Consequently, the judge concluded Kindle's recommendation in 2013, that plaintiff needed front brakes and rotors, was not evidence of negligence on the part of defendants.

Plaintiff moved for reconsideration, which was denied on March 15, 2016. On appeal, plaintiff argues the judge erred in dismissing plaintiff's 2007 CFA claim and denying her motion for summary judgment regarding the 2013 allegations. In addition, plaintiff asserts the judge abused his discretion in refusing to

---

[2] This invoice is missing from the appendices.

grant her numerous motions for discovery and sanctions against defendants.

We disagree and affirm substantially for the reasons set forth in Judge Gibson's January 6, 2016 opinion. We add only the following brief comments.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo Fuente De Vida Corp. v. National Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citation omitted). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, supra, 142 N.J. at 540. If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "[F]or mixed questions of law and fact, [we] give[] deference . . . to the supported factual findings of the trial court, but review[] de novo the lower court's application of any legal rules to such

factual findings." State v. Pierre, 223 N.J. 560, 577 (2015) (citations omitted). This standard compels the grant of summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Applying the above standards, we discern no reason to reverse the grant of summary judgment.

Our Supreme Court has recently reaffirmed how a court should construe the CFA. D'Agostino v. Maldonado, 216 N.J. 168, 183 (2013). "We construe the CFA in light of its objective 'to greatly expand protections for New Jersey consumers.' As this Court has noted, the CFA's original purpose was to combat 'sharp practices and dealings' that victimized consumers by luring them into purchases through fraudulent or deceptive means." Ibid. (citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 16 (1994) (internal citations omitted).

> In a 1971 amendment to the CFA, the Legislature supplemented the statute's original remedies available to the Attorney General with a private cause of action. The CFA's private cause of action is an efficient mechanism to: (1) compensate the victim for his or her actual loss; (2) punish the wrongdoer through the award of treble damages; and (3) attract competent counsel to

10

counteract the community scourge of fraud by providing an incentive for an attorney to take a case involving a minor loss to the individual.

[D'Agostino, supra, 216 N.J. at 183-84 (internal quotations and citations omitted).]

To prevail in a cause of action asserting a violation of the CFA, a plaintiff must prove: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Id. at 184 (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). The CFA defines the term "unlawful practice or conduct" as:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

[N.J.S.A. 56:8-2].

Here, it is undisputed that at the time plaintiff first brought her car in for repairs in 2007, defendants performed the necessary repairs and complied with the requirements of the CFA in effect at that time. Following the repairs, plaintiff had no apparent issues until she returned seeking a repainting of the car's hood in 2013. Defendants repainted the hood, without charge, despite noting that the warranty on work performed in 2007 had expired. The repainting, apparently performed for good will, is not actionable under the CFA as plaintiff suffered no ascertainable loss, and there is no evidence of unlawful conduct as required under N.J.S.A. 56:8-19. We find no error in the trial court's dismissal of plaintiff's CFA claim as to the 2007 repairs, or the granting of summary judgment with regard to the 2013 allegations. Likewise, we find no abuse of discretion in the judge's refusal to enter sanctions against defendants.

In light of the record and applicable legal principles, we conclude plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3462-15T2